UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| DiAndre Mills,<br>Plaintiff,<br><br>v.<br><br>Pegasus Steel, LLC,<br>Defendant. | CASE NO:<br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

## JURISDICTION AND PARTIES

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for racial discrimination under Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5 have occurred or been complied with.

   a. A charge of employment discrimination on the basis of racial discrimination and retaliation was filed by the Plaintiff with the U.S. Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the U.S. Equal Employment Opportunity Commission ("EEOC") on or about June 25, 2024.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of Right to Sue.

3. Plaintiff, DiAndre Mills, is a citizen and resident of the State of South Carolina, and resides in Berkeley County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the State of South Carolina.

5. Defendant, Pegasus Steel, LLC, upon information and belief, is a domestic corporation organized and operating in the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things and matters hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. In or about February 2021, the Plaintiff, an African American, began working for the Defendant as a Welder/fitter. At all times, the Plaintiff was efficient and effective in his job.

11. Beginning on or around March 1, 2021, Plaintiff was racially discriminated against, when Plaintiff and a Caucasian co-worker, Mike McQueen, had a verbal altercation while at work.

12. Plaintiff had been denied training while Caucasian welders were not.

13. Plaintiff was reprimanded for his wire running on March 1, 2021 by Mr. McQueen.

14. A co-worker, Jimmy, informed Plaintiff that Mr. McQueen had been reprimanded before for using racial slurs against African Americans.

15. Plaintiff then reported the incident to Human Resources, and Human Resources sent Plaintiff home without pay.

16. The Defendant told Plaintiff that he could not work during the investigation, while Mr. McQueen was able to work.

17. The Defendant called Plaintiff on the telephone to let him know that he was terminated on or about March 3, 2021, in retaliation for his reports of racial discrimination.

18. Plaintiff again informed Defendant that he believed he was being discriminated against by Defendant due to his race.

19. The Plaintiff was further retaliated against when Plaintiff attempted to retrieve his personal tools and welding equipment from the Defendant but was not allowed to retrieve his property, and it was not delivered to him.

20. Defendant retaliated against Plaintiff for reporting the discriminatory acts and failed to stop the discrimination. Plaintiff's termination was pretextual in nature and not the true reason for letting the Plaintiff go.

21. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts of racial discrimination from occurring and to stop it once the behavior had been reported by the Plaintiff.

## FOR A FIRST CAUSE OF ACTION
### Racial Discrimination - Title VII

22. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

23. Plaintiff is a member of a protected group on the basis of his race. Plaintiff was retaliated against and terminated based on his race in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act.

24. Defendant was wanton, reckless, willful and intentional in the discrimination of the Plaintiff in the following particulars, to wit:

    a. In failing to continue to employ Plaintiff based on his race;

    b. In showing preferential treatment to Caucasian employees and detrimental treatment to Plaintiff; and

    c. In demonstrating a pattern of discriminatory treatment towards African American employees by making disparaging remarks and terminating those who were in a protected class.

25. In failing to protect the Plaintiff from racial discrimination or preferential treatment, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*) and the Equal Employment Opportunity Act.

26. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq.*), and the Equal Employment Opportunity Act by allowing the racial discrimination and preferential treatment to exist in the workplace.

27. The Plaintiff's race was a determining factor in the disparate treatment and wrongful discharge of the Plaintiff. But for the Plaintiff's race, he would not have been terminated.

28. As a direct and proximate result of the Defendant's discrimination on the basis of race, the Plaintiff has suffered a loss of wages, benefits, and employment opportunities.

29. The Defendant's discrimination against the Plaintiff has caused, continues to cause, and will cause the Plaintiff to suffer substantial damages for pecuniary losses, embarrassment, humiliation, mental anguish, loss of enjoyment of life, and other nonpecuniary losses.

30. Due to the acts of the Defendant, its agents and employees, the Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

38. The Plaintiff repeats and reiterates each and every allegation as if fully set forth herein.

39. As alleged above, Plaintiff complained to the Defendant on several occasions about racial discrimination.

40. That Plaintiff's complaints were made in good faith and constituted protected activity under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

41. That shortly after making said complaints, the Defendant fired the Plaintiff, which is in violation of 42 U.S.C. §2000e-3.

42. The Defendant's stated reasons for retaliation and wrongful discharge were mere pretext for the retaliation against Plaintiff based on his engaging in protected activity.

43. The Plaintiff's reports of racial discrimination were determining factors in the retaliation and wrongful discharge of Plaintiff. But for Plaintiff's reports of racial discrimination, he would not have been terminated.

44. The Defendant was wanton, reckless and intentional in the retaliation against the Plaintiff for engaging in protected activity.

45. That the aforesaid conduct of Defendant, its agents and servants, violates United States laws against retaliatory dismissal and was, in fact, retaliatory in nature and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

46. In failing to protect the Plaintiff from retaliation, the Defendant acted with malice or reckless indifference to the federally protected rights set out under Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

47. The Defendant violated Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), and the Equal Employment Opportunity Act by allowing the retaliation to exist in the workplace.

48. That as a result of the above, Plaintiff has suffered damages in the form of lost back and future wages, income and benefits, expenses associated with finding other work, and has suffered severe psychological harm, emotional distress, anxiety, depression, inconvenience, mental anguish, loss of enjoyment of life, embarrassment, humiliation, loss to professional standing, character and reputation, physical and personal injuries, and further seeks attorney's fees and costs and prejudgment interest.

49. That the Defendant's actions as set forth above were undertaken intentionally, willfully, wantonly, recklessly, maliciously and with utter disregard for the federally protected rights of the Plaintiff, and therefore Plaintiff is entitled to recover punitive damages from the Defendant.

## REQUEST FOR RELIEF

56. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

57. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

58. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney's fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits he would have earned with all lost or diminished benefits, such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits he lost in an amount to be determined by the trier of fact;

5. Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6. Judgment against Defendant, in such an amount of actual damages, punitive damages, attorney's fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

 s/ *Matthew O. King*
Matthew O. King (Fed. ID #: 13793)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
August 28, 2024